1  McGREGOR W. SCOTT
   United States Attorney
2  PAUL HEMESATH
   GRANT B. RABENN
3  Assistant United States Attorneys
   501 I Street, Suite 10-100
4  Sacramento, CA 95814
   Telephone: (916) 554-2700
5  Facsimile: (916) 554-2900

6  Attorneys for Plaintiff
   United States of America

**FILED**
DEC 17 2018
CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
         DEPUTY CLERK



**SEALED**

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. 1:17-CR-00301-DAD-BAM |
| Plaintiff, | STIPULATION AND [PROPOSED] PROTECTIVE ORDER RE: DISSEMINATION OF DISCOVERY DOCUMENT AND/OR INFORMATION SUBJECT TO A PROTECTIVE ORDER |
| v. | |
| BRYAN CONNOR HERRELL, | |
| Defendant. | |

**STIPULATION**

IT IS HEREBY STIPULATED AND AGREED among the parties and their respective counsel, as follows:

1. This Court may enter protective orders pursuant to Rule 16(d) of the Federal Rules of Criminal Procedure, and its general supervisory authority.

2. This Order pertains to all discovery provided to and/or made available to defense counsel as part of discovery in this case (hereafter, collectively known as "the discovery").

3. The discovery in this matter contains a large amount of both personal identifying information, data relevant to other ongoing investigations, and data relating to cooperating witnesses.

4. The parties request a protective order with regard to the discovery because disclosure of

STIPULATION AND [PROPOSED] PROTECTIVE ORDER    1

the personal identifying information and other sensitive data could result in identity theft, invasion of privacy, resulting financial loss, the compromise of ongoing investigations, and the threat to cooperating witnesses.

5. The parties request the Court's order in this matter because the sensitivity of third-parties' personal identifying information and other data discussed here requires special protection.

6. Defense counsel shall not disclose any of the discovery and/or information to any person and/or entity other than their respective defendant/client, and/or witnesses that they may be interviewing and/or preparing for trial and/or attorneys, law clerks, paralegals, secretaries, experts, consultants and/or investigators involved in the representation of defense counsel's defendant/client in this case.

7. The discovery and/or information therein may only be used in connection with the litigation of this case and for no other purpose. The discovery is now and will forever remain the property of the United States Government. Defense counsel will return the discovery to the Government or certify that it has been shredded and/or deleted at the conclusion of the case, except that Defense counsel may keep one copy for its own files, subject to the security restrictions stated in this document.

8. Defense counsel will store the discovery in a secure place and will use reasonable care to ensure that it is not disclosed to third persons in violation of this agreement.

9. If defense counsel make, or cause to be made, any further copies of any of the discovery, defense counsel will inscribe the following notation on each copy: "U.S. Government Property; May Not be Used Without U.S. Government Permission."

10. If defense counsel releases custody of any of the discovery and/or information, and/or authorized copies thereof, to any person and/or entity described in paragraph 6, defense counsel shall provide such recipients with copies of this Order and advise that person that the discovery is the property of the United States Government, that the discovery and information therein may only be used in connection with the litigation of this case and for no other purpose, and that an unauthorized use of the discovery may constitute a violation of law and/or contempt of court.

STIPULATION AND [PROPOSED] PROTECTIVE ORDER     2

11. Discovery materials, while in the custody and control of the defense attorney, may be reviewed by the defendant represented by a defense attorney, licensed investigators employed by the defense attorney, and any other individuals deemed necessary by the defense attorney. Defendant is prohibited from copying the materials or maintaining personal copies of any such materials and shall be prohibited from transporting any of these materials to his cellblock.

12. Defense counsel shall be responsible for advising his defendant/client, employees and other members of the defense team and defense witnesses of the contents of this Stipulation and Order.

IT IS SO STIPULATED.

Dated: November 26, 2018

McGREGOR W. SCOTT
United States Attorney

/s/ Paul A. Hemesath
PAUL HEMESATH
Assistant United States Attorney

Dated: December 3, 2018

/s/ Timothy P. O'Hara
TIMOTHY P. O'HARA
Counsel for Defendant
BRYAN CONNOR HERRELL

Dated: November 26, 2018

/s/ Jeffrey T. Hammerschmidt
JEFFREY T. HAMMERSCHMIDT
Counsel for Defendant
BRYAN CONNOR HERRELL

# [PROPOSED] ORDER

For good cause shown, the stipulation of counsel in criminal case number 1:17-CR-00301-DAD, is approved and

FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.

Dated: December 14, 2018

_____
THE HONORABLE DALE A. DROZD
UNITED STATES DISTRICT JUDGE