McGREGOR W. SCOTT
United States Attorney
PAUL HEMESATH
GRANT B. RABENN
KEVIN C. KHASIGIAN
Assistant U. S. Attorneys
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700

BRIAN BENCZKOWSKI
Assistant Attorney General
Criminal Division, U.S. Department of Justice
LOUISA K. MARION
Senior Counsel
Computer Crime and Intellectual Property Section
950 Pennsylvania Avenue, N.W.
John C. Keeney Bldg., Suite 600
Washington, DC 20530-0001
Telephone: (202) 514-1026

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>BRYAN CONNOR HERRELL,<br><br>Defendant. | 1:17-CR-00301-DAD-BAM<br><br>PRELIMINARY ORDER OF FORFEITURE |

Based upon the plea agreement entered into between the United States of America and defendant Bryan Connor Herrell, it is hereby ORDERED, ADJUDGED AND DECREED as follows:

1. Pursuant to 18 U.S.C. §§ 1963(a)(1), (a)(2) and (a)(3), defendant Bryan Connor Herrell's interest in the following property shall be condemned and forfeited to the United States of America, to be disposed of according to law:

      a. One cryptocurrency wallet containing approximately one Bitcoin,
      b. An assortment of counterfeit "Magic: The Gathering" collectible cards,
      c. Approximately 38 sports trading cards,
      c. Approximately $745.00 in U.S. Currency,
      d. 139 gold coins, one ounce each,
      e. 8 silver dollar coins, one ounce each,
      f. One $1,000 bill encased in hard plastic, and
      g. One German August Schwer Cuckoo Clock.

2. The above-listed property constitutes property acquired or maintained in violation of 18 U.S.C. § 1962(d); constitutes property affording a source of influence over any enterprise which the defendant established, operated, controlled, conducted, or participated in the conduct of, in violation of 18 U.S.C. § 1962(d); and constitutes or is derived from proceeds obtained, directly or indirectly, from racketeering activity in violation of 18 U.S.C. § 1962(d).

3. Pursuant to Rule 32.2(b)(3), the Attorney General (or a designee) shall be authorized to seize the above-listed property. The aforementioned property shall be seized and held by the U.S. Marshals Service, in its secure custody and control.

4.    a. Pursuant to 18 U.S.C. § 1963(*l*), incorporated by 21 U.S.C. § 853(n), and Local Rule 171, the United States shall publish notice of the order of forfeiture. Notice of this Order and notice of the Attorney General's (or a designee's) intent to dispose of the property in such manner as the Attorney General may direct shall be posted for at least 30 consecutive days on the official internet government forfeiture site www.forfeiture.gov. The United States may also, to the extent practicable, provide direct written notice to any person known to have alleged an interest in the property that is the subject of the order of forfeiture as a substitute for published notice as to those persons so notified.

   b. This notice shall state that any person, other than the defendant, asserting a legal interest in the above-listed property, must file a petition with the Court within sixty (60) days from the first day of publication of the Notice of Forfeiture posted on the official government forfeiture site, or within thirty (30) days from the receipt of direct written notice, whichever is earlier.

///
///
///
///

5. If a petition is timely filed, upon adjudication of all third-party interests, if any, this Court will enter a Final Order of Forfeiture pursuant to 18 U.S.C. §§ 1963(a)(1), (a)(2) and (a)(3), in which all interests will be addressed.

IT IS SO ORDERED.

Dated: __**March 5, 2020**__

_____
UNITED STATES DISTRICT JUDGE