UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

HON. DALE A. DROZD, JUDGE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) | No. 17-CR-301 |
| vs. | ) | CHANGE OF PLEA |
| BRYAN CONNOR HERRELL, | ) | |
| Defendant. | ) | |

Fresno, California                     Monday, January 27, 2020


REPORTER'S TRANSCRIPT OF PROCEEDINGS


**APPEARANCES OF COUNSEL**:

For the Plaintiff:      United States Attorney's Office
                        BY: **PAUL HEMESATH**
                        501 I Street
                        Suite 10-100
                        Sacramento, California 95814


For the Defendant:      **JEFFREY HAMMERSCHMIDT**
                        Attorney at Law
                        2445 Capitol Street
                        Suite 150
                        Fresno, California 93721



REPORTED BY:  KAREN HOOVEN, RMR, CRR, Official Court Reporter

Proceedings recorded by mechanical stenography, transcript produced by computer aided transcription.

1   Monday, January 27, 2020                          Fresno, California
2   10:17 a.m.
3              THE CLERK:  Court calls first item number five.
4   1:17-CR-301.  United States versus Bryan Connor Herrell.
5   Change of plea.
6              MR. HAMMERSCHMIDT:  Good morning, Your Honor.  Jeff
7   Hammerschmidt on behalf of Bryan Herrell.  He is present in
8   court in custody.
9              MR. HEMESATH:  Good morning, Your Honor.  Paul
10  Hemesath on behalf of the United States.  Good to see you.
11             THE COURT:  Good morning.  And I understand, from a
12  plea agreement that's been provided to me, that Mr. Herrell
13  wishes to enter a plea of guilty to Count One of the
14  indictment charging him with conspiracy to engage in a
15  racketeer influenced corrupt organization in violation of 18
16  USC section 1962(d).  Is that correct?
17             MR. HAMMERSCHMIDT:  Yes, Your Honor.
18             THE COURT:  Mr. Herrell, before accepting your plea,
19  there are a number of questions that I must ask you.  If at
20  any time you don't understand one of my questions, or if you
21  wish to consult with your attorney, Mr. Hammerschmidt, for any
22  reason, please let me know.  Because it's very important that
23  you understand each of my questions before answering.
24             Madam clerk, please swear the defendant.
25        (Defendant sworn.)

```
1          THE COURT:  Mr. Herrell, do you understand that,
2   having been sworn, your answers to my questions may be used
3   against you in a prosecution for perjury or making a false
4   statement if you do not answer truthfully?
5          THE DEFENDANT:  Yes, I do, Your Honor.
6          THE COURT:  How old are you, sir?
7          THE DEFENDANT:  25.
8          THE COURT:  And what's the highest level of education
9   you've obtained?
10         THE DEFENDANT:  High school.
11         THE COURT:  What's your most recent occupation?
12         THE DEFENDANT:  None.
13         THE COURT:  Never worked for a living?
14         THE DEFENDANT:  No.
15         THE COURT:  Have you ever been treated for mental
16  illness?
17         THE DEFENDANT:  No.
18         THE COURT:  Have you ever been treated for addiction
19  to drugs?
20         THE DEFENDANT:  No.
21         THE COURT:  Are you presently under the influence of
22  alcohol or drugs of any kind?
23         THE DEFENDANT:  No, Your Honor.
24         THE COURT:  Do you understand what's happening here
25  today?
```

1        THE DEFENDANT:  Yes, I do.
2        THE COURT:  Counsel, do either of you have any doubt
3   as to Mr. Herrell's competence to enter his plea?
4        MR. HEMESATH:  No.  Thank you.
5        MR. HAMMERSCHMIDT:  No, Your Honor.
6        THE COURT:  I find the defendant competent to enter
7   his plea at this time.  Sir, have you had enough time to
8   discuss your case, any defenses that you might have and your
9   decision to enter a plea of guilty with your attorney?
10       THE DEFENDANT:  Yes.
11       THE COURT:  And are you satisfied with Mr.
12  Hammerschmidt's representation?
13       THE DEFENDANT:  Yes, I am.
14       THE COURT:  Is it your understanding that your
15  attorney and the attorney for the government have had
16  discussions in your case concerning your change of plea and
17  that those discussions have resulted in this plea agreement
18  which you have signed?
19       THE DEFENDANT:  Yes, Your Honor.
20       THE COURT:  And are you entering your plea of guilty
21  to the charge set out in Count One of the indictment pursuant
22  to that plea agreement voluntarily and because you're, in
23  fact, guilty of that offense?
24       THE DEFENDANT:  Yes, Your Honor.
25       THE COURT:  Have you reviewed your plea agreement in

1  detail with your attorney?
2          THE DEFENDANT:  Yes.
3          THE COURT:  Do you understand each and every one of
4  its terms?
5          THE DEFENDANT:  Yes, I do.
6          THE COURT:  The offense to which you are offering to
7  plead guilty is a felony offense.  If your plea is accepted,
8  you'll be found guilty of that offense and that finding may
9  deprive you of valuable civil rights, such as the right to
10 vote, the right to serve on a jury and the right to possess
11 firearms and ammunition of any kind.  Do you understand?
12         THE DEFENDANT:  Yes, I do.
13         THE COURT:  In addition, if an economic loss has been
14 suffered as a result of your criminal conduct, the Court, in
15 accordance with the Sentencing Reform Act, will order you to
16 make restitution to any victim of the offense unless the Court
17 were to find that under the applicable statutes restitution is
18 not appropriate in this case.  Do you understand that as well?
19         THE DEFENDANT:  Yes, I do.
20         THE COURT:  Under the Sentencing Reform Act, the US
21 Sentencing Commission issued advisory sentencing guidelines
22 for judges to consider in determining the appropriate sentence
23 to be imposed in all federal criminal cases.  Have you and
24 your attorney talked about how those advisory sentencing
25 guidelines might apply in your case?

1       THE DEFENDANT:  Yes, we have.
2       THE COURT:  Do you understand I won't be able to
3  determine what that advisory sentencing guideline range is in
4  your case until after the presentence report's been prepared
5  and after your attorney and the attorney for the government
6  have had the opportunity to object to any of the findings in
7  that report?
8       THE DEFENDANT:  Yes, I do.
9       THE COURT:  You also understand that although the
10 government may have agreed to make certain recommendations in
11 their plea agreement with you, those recommendations are not
12 binding on the Court and if I do not follow them, you'll still
13 be bound by your plea and will have no right to withdraw it?
14      THE DEFENDANT:  Yes, I do.
15      THE COURT:  You also understand that after it's been
16 determined what the advisory sentencing guideline range is in
17 your case, the sentencing judge may have the authority to
18 impose a sentence that's either more severe or less severe
19 than that called for by those guidelines?
20      THE DEFENDANT:  Yes.
21      THE COURT:  Do you understand parole has been
22 abolished in the federal criminal justice system and if you're
23 sentenced to a term of imprisonment in this case, you will not
24 be released on parole?
25      THE DEFENDANT:  Yes, I do.

1   THE COURT: Do you understand that under some
2   circumstances, the government may have the right to appeal
3   from a sentence that I impose?
4   THE DEFENDANT: Yes, I do.
5   THE COURT: I note that as part of your plea
6   agreement, you've waived both the right to appeal as well as
7   to collaterally attack any part of your plea and sentence so
8   long as the sentence imposed does not exceed the statutory
9   maximum, so long as the government does not appeal and so long
10  as the issue that you wish to raise is not a non-waivable
11  issue. With those exceptions, do you understand that you
12  waived the right to appeal or collaterally attack any part of
13  your plea and sentence?
14  THE DEFENDANT: Yes, I do.
15  THE COURT: And Mr. Hammerschmidt, are you satisfied
16  there's been a knowing and voluntary waiver of that right to
17  collaterally attack or appeal any part of the plea or sentence
18  by Mr. Herrell?
19  MR. HAMMERSCHMIDT: Yes, Your Honor.
20  THE COURT: Mr. Herrell, you've been charged in Count
21  One of the indictment with conspiracy to engage in a racketeer
22  influence corrupt organization in violation of 18 USC Section
23  1962(d). Do you understand the nature of that charge, the
24  essential elements of that offense and what the government
25  would be required to prove in order to convict you of it?

1        THE DEFENDANT:  Yes, I do.
2        THE COURT:  Have you seen a copy of the indictment,
3   the document setting forth in writing that charge?
4        THE DEFENDANT:  Yes, I have.
5        THE COURT:  The maximum possible penalty for that
6   offense is up to 20 years in prison, a fine of up to $250,000
7   or both fine and imprisonment, a three year term of supervised
8   release and a mandatory $100 special assessment.  Do you
9   understand the maximum possible penalty?
10       THE DEFENDANT:  Yes, I do.
11       THE COURT:  Do you understand what supervised release
12  is?
13       THE DEFENDANT:  Yes.
14       THE COURT:  Are you a citizen of the United States?
15       THE DEFENDANT:  Yes, I am.
16       THE COURT:  Are you presently under the -- presently
17  on parole or probation for any other offense?
18       THE DEFENDANT:  No.
19       THE COURT:  Are you currently facing any other
20  criminal charge in this Court or in any other court?
21       THE DEFENDANT:  No.
22       THE COURT:  There's also a forfeiture provision in
23  your plea agreement pursuant to which you agreed to forfeit
24  the seven items of property listed in that paragraph.  It's at
25  page 4 of your plea agreement.  Includes coins, currency and

1    other matters.  The forfeiture provision isn't limited to
2    those matters, but it does include them.  And you've waived
3    oral pronouncement of forfeiture at the time of sentencing,
4    which means following your sentencing, I'll merely sign an
5    order forfeiting the property to the government.  There will
6    be no further discussion of it at the time of your sentencing.
7    Do you understand that as well?
8            THE DEFENDANT:  Yes, I do.
9            THE COURT:  You have the right to stand by your
10   previously entered plea of not guilty to the charge in Count
11   One of the indictment if you wish to do so.  Do you understand
12   that right?
13           THE DEFENDANT:  Yes, I do.
14           THE COURT:  You also have a right to a jury trial on
15   that charge.  Do you understand that right?
16           THE DEFENDANT:  Yes.
17           THE COURT:  Do you understand that at that trial
18   you'd be presumed innocent, the government would have the
19   burden of proving you guilty of the charge by competent
20   evidence and beyond a reasonable doubt?
21           THE DEFENDANT:  Yes.  I do.
22           THE COURT:  At that trial you'd have the right to be
23   assisted by counsel, the right to see, hear and question the
24   witnesses for the government through your attorney.  You'd
25   also have the right to object to evidence offered by the

1  government and to offer evidence on your own behalf.  Do you
2  understand each of these rights?
3           THE DEFENDANT:  Yes, I do.
4           THE COURT:  And do you understand that at that trial
5  you'd have the right to testify in your own defense, but that
6  if you elected not to do so, no inference of guilt could be
7  drawn from the fact that you chose not to testify?
8           THE DEFENDANT:  Yes, I do.
9           THE COURT:  And do you understand that by entering a
10 plea of guilty here today to Count One of the indictment,
11 you'll be giving up all of these rights as to that charge
12 because there will be no trial, you'll no longer be presumed
13 innocent because you'll be telling me that you're, in fact,
14 guilty of the charge set out in Count One of the indictment?
15          THE DEFENDANT:  Yes, I do.
16          THE COURT:  And is that what you wish to do, plead
17 guilty to Count One?
18          THE DEFENDANT:  Yes.
19          THE COURT:  Counsel join in the waiver?
20          MR. HAMMERSCHMIDT:  Yes, Your Honor.
21          THE COURT:  And Mr. Herrell, you indicated to me you
22 understand each and every one of the terms of your plea
23 agreement.  Correct?
24          THE DEFENDANT:  Yes, I do.
25          THE COURT:  Other than what's been promised to you in

1   that plea agreement, has anyone made any other promises to you
2   in order to get you to plead guilty?
3           THE DEFENDANT:  No.
4           THE COURT:  Has anyone threatened you or anyone close
5   to you in order to get you to plead guilty?
6           THE DEFENDANT:  No.
7           THE COURT:  Counsel, have I overlooked anything
8   required under Rule 11?
9           MR. HEMESATH:  Just one clarification, Your Honor.
10  And that is on the maximum fine under the statute, it's either
11  $250,000 or twice the proceeds of the offense.
12          THE COURT:  Thank you, counsel.  And Mr. Herrell, do
13  you understand that maximum possible penalty?  That is, the
14  maximum fine is $250,000 or twice the amount of the assets
15  involved in the offense, whichever is greater.
16          THE DEFENDANT:  Yes, I do.
17          THE COURT:  All right.  Mr. Herrell, what then is
18  your plea to the charge in Count One of the indictment that,
19  beginning not later than in or around July 2014, continuing to
20  in and around June 2017, in the counties of Fresno, Merced,
21  Sacramento and Placer, in the State and Eastern District of
22  California and elsewhere, you did conspire with other persons
23  associated with the AlphaBay organization, an enterprise which
24  engaged in and the activities of which affected interstate and
25  foreign commerce, knowingly and intentionally conspired to

1   violate 18 USC Section 1962; that is, to conduct participate
2   directly and indirectly in the conduct of the affairs of that
3   enterprise through a pattern of racketeering activity as
4   defined in 18 USC Section 1961(1) and (5), consisting of
5   multiple indictable acts under 18 USC Section 1028 (fraud in
6   connection with identification documents), 18 USC Section 1029
7   (fraud in connection with access devices), and 18 USC Sections
8   1956 and 1957 (money laundering); as well as multiple offenses
9   involving narcotics trafficking, in violation of 21 USC
10  Sections 841, 843 and 846.  And that you and those other
11  persons agreed that at least two acts of racketeering activity
12  would be committed by a conspirator in the conduct of the
13  affairs of that enterprise all in violation of 18 USC Section
14  1962(d).  Guilty or not guilty, sir?
15          THE DEFENDANT:  Guilty, Your Honor.
16          THE COURT:  And have you reviewed the factual basis
17  attached as pages A-1 through A-5 of your plea agreement?
18          THE DEFENDANT:  Yes, I have.
19          THE COURT:  Is that an accurate statement as to what
20  it is you did in this case?
21          THE DEFENDANT:  Yes, it is, Your Honor.
22          THE COURT:  I find that there's a factual basis for
23  Mr. Herrell's plea of guilty.  I find he understands the
24  nature of the charge and the consequences of his plea.  I also
25  find that he understands his constitutional rights and that

1  his plea of guilty was freely and voluntarily made.
2  Accordingly, I accept his plea of guilty.
3         The matter will be referred to probation for
4  preparation of a presentence report.  Sentencing to be set
5  for?
6         THE CLERK:  How's May 11th at 10 a.m.?
7         MR. HAMMERSCHMIDT:  I will be out of state on that
8  date.
9         THE COURT:  May 18th?
10        MR. HAMMERSCHMIDT:  That date is fine.
11        THE COURT:  May 18th, 10 a.m., This courtroom for
12 imposition of judgment and sentence.  Anything further?
13        MR. HAMMERSCHMIDT:  No, Your Honor.
14        MR. HEMESATH:  No.  Thank you, Your Honor.
15        THE COURT:  Thank you.
16        MR. HEMESATH:  Your Honor, I will be passing the
17 original signed copy of the plea agreement to your court for
18 filing.
19        THE CLERK:  I can't file them anymore.  You have to
20 file them.
21        MR. HEMESATH:  Oh, I have to file them?  Okay.  Thank
22 you.
23        THE COURT:  Thank you.
24    (The proceedings were concluded at 10:30 a.m.)
25

1        I, KAREN HOOVEN, Official Reporter, do hereby certify
2   that the foregoing transcript as true and correct.
3
4   DATED:   15th of January, 2021        /s/   Karen Hooven
                                           KAREN HOOVEN, RMR-CRR