HEATHER E. WILLIAMS, Bar #122664
Federal Defender
PEGGY SASSO, CA Bar #228906
Assistant Federal Defender
Designated Counsel for Service
2300 Tulare Street, Suite 330
Fresno, California 93721-2226
Telephone: (559) 487-5561

Attorneys for Defendant
BRYAN CONNOR HERRELL

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>BRYAN CONNOR HERRELL,<br><br>Defendant. | Case No. 1:17-cr-00301 DAD-BAM<br><br>**STIPULATED MOTION AND ORDER TO REDUCE SENTENCE PURSUANT TO 18 U.S.C. § 3582(c)(2)**<br><br>RETROACTIVE CRIMINAL HISTORY REDUCTION CASE<br><br>Judge: Hon. Dale A. Drozd |

Defendant, BRYAN CONNOR HERRELL, by and through his attorney, Assistant Federal Defender Peggy Sasso, and plaintiff, UNITED STATES OF AMERICA, by and through its counsel, Assistant U.S. Attorney Shelley D. Weger, hereby stipulate as follows:

1. Pursuant to 18 U.S.C. § 3582(c)(2), this Court may reduce the term of imprisonment in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o), after taking into account the policy statements set forth in USSG § 1B1.10 and the sentencing factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable;

2. The United States Sentencing Commission recently amended the Sentencing Guidelines to limit the overall criminal history impact of "status points" by assigning zero status

points for offenders with six or fewer criminal history points, and one status point for offenders with seven or more criminal history points ("status-point provision"). *See* Amendment 821, Part A; *compare* USSG § 4A1.1(d) (2022), *with* USSG § 4A1.1(e) (Nov. 1, 2023). The United States Sentencing Commission made the status-point provision retroactive beginning February 1, 2024. *See* USSG § 1B1.10(e)(2) (Nov. 1, 2023); 88 Fed. Reg. 60534;

3. Mr. Herrell received 2 criminal history points based on his past criminal convictions and 2 criminal history points pursuant to former USSG § 4A1.1(d) for a total criminal history score of 4, which placed Mr. Herrell in criminal history category III with a recommended guideline range of 240 months, based on the statutory maximum;

4. On September 1, 2020, this Court sentenced Mr. Herrell to a term of 132 months;

5. The sentencing range applicable to Mr. Herrell was subsequently lowered by the status-point provision, which reduces his criminal history score to 2, lowering his criminal history category from III to II, resulting in an amended advisory guideline range of 235 - 240 months;

6. Because the term of imprisonment imposed was less than the term of imprisonment provided by the guideline range consistent with the reason set forth at USSG § 1B1.10(b)(2)(B), the Court may grant a comparable reduction below the amended guideline range in accordance with the exception set forth in USSG § 1B1.10(b)(2)(B);

7. Because Mr. Herrell is eligible for a reduction in sentence, the parties request the Court enter the order lodged herewith reducing Mr. Herrell's term of imprisonment to 129 months, effective 10 days from the date of the amended judgment. If the amount of time served as of the effective date of the Court's Order exceeds 129 months, the sentence is instead reduced to a sentence of time-served effective 10 days from the date of the amended judgment.[1]

8. Based on the Federal Bureau of Prison's website, Mr. Herrell's current projected release date is August 10, 2026.

///

///

---

[1] This 10-day period is requested by the Bureau of Prisons to perform its statutory duties and release planning.

9. <u>United States' statement regarding its stipulation[2]</u>: The defendant was convicted of Conspiracy to Engage in Racketeer Influenced Corrupt organization, in violation of 18 U.S.C. § 1962(d).  The United States enters into this stipulation after reviewing the Presentence Investigation Report ("PSR"), ECF No. 39; sealed filings, ECF Nos. 44–47; Statement of Reasons ("SOR"); Judgment, ECF No. 49; sentencing transcript, ECF No. 56; defendant's Bureau of Prisons ("BOP") disciplinary history; and after conferring with two of the prosecuting attorneys.

Herrell's conviction stems from his extensive involvement with the AlphaBay website on the Darkweb.  As a website moderator, Herrell moderated over 20,000 disputes involving illegal transactions, many involving the sale of drugs.  PSR ¶ 19.  During Herrell's involvement with AlphaBay, the website facilitated hundreds of thousands of illegal transactions, all of which were foreseeable to Herrell as a member of the enterprise.  PSR ¶ 23.

At sentencing, the government recommended Herrell be sentenced to a term of 141 months and opposed any further downward variance.  ECF Nos. 44–47, 56 at 9–10.  Herrell recommended a sentence of 129 months.  ECF No. 56 at 7.  The Court imposed a sentence of 132 months.  ECF No. at 49, 56 at 16.  In arriving at this sentence, the Court acknowledged that the defendant's "conduct [was] incredibly serious" and that the "seriousness of the unlawful conduct that Mr. Herrell was facilitating . . . for hundreds and hundreds of transactions [on the Darkweb, was] . . . staggering and . . . incredibly damaging and dangerous." ECF No. 56 at 12. The Court, however, granted a downward variance below the 141 months recommended by the government based on the "combination of the defendant's age, [the Court's] strong suspicion that there is some other condition at play" and due to the 31 months the defendant spent in local custody during his pretrial detention.  ECF No. 56 at 16; Statement of Reasons.

///

///

///

///

---

[2] This statement is not part of the parties' stipulation.

Stipulation and Order Re: Sentence Reduction               3

BOP records indicate that as of March 1, 2024, Herrell has no reported sustained disciplinary incidents during his time in custody.

Respectfully submitted,

Dated:  March 6, 2024                           Dated:   March 6, 2024

PHILLIP A. TALBERT                              HEATHER E. WILLIAMS
United States Attorney                          Federal Defender

 */s/ Shelley D. Weger*                           */s/ Peggy Sasso*
SHELLEY D. WEGER                                PEGGY SASSO
Assistant U.S. Attorney                         Assistant Federal Defender
Attorney for Plaintiff                          Attorney for Defendant
UNITED STATES OF AMERICA                        BRYAN CONNOR HERRELL

# ORDER

This matter came before the Court on the stipulated motion of the parties for reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2).

The parties agree, and the Court finds, that Mr. Herrell is entitled to the benefit of Amendment 821, Part A, the new status point provision, codified at USSG § 4A1.1(e), which reduces his criminal history category from III to II, resulting in an amended guideline range of 235 - 240 months.

IT IS HEREBY ORDERED that, pursuant to USSG § 1B1.10(b)(2)(B), the term of imprisonment imposed in 2020 is reduced to a term of 129 months, effective 10 days from the date of the amended judgment.  If the amount of time served as of the effective date of the Court's Order exceeds 129 months, the sentence is instead reduced to a sentence of time-served effective 10 days from the date of the amended judgment.

IT IS FURTHER ORDERED that all other terms and provisions of the original judgment remain in effect.  The clerk shall forthwith prepare an amended judgment reflecting the above reduction in sentence and shall serve certified copies of the amended judgment on the United States Bureau of Prisons and the United States Probation Office.

Unless otherwise ordered, Mr. Herrell shall report to the United States Probation Office within seventy-two hours after his release.

IT IS SO ORDERED.

Dated:  **March 8, 2024**

_____
UNITED STATES DISTRICT JUDGE